IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,   :
                            :   CASE NO.:  1:14-CR-290-TWT-GGB
v.                          :
                            :
                            :
OSCAR JAMESON STOKES, MD,   :
                            :
     Defendant.             :

**DEFENDANT'S MOTION TO SUPPRESS EVIDENCE
AND FOR RETURN OF SEIZED PROPERTY**

Defendant Dr. Oscar Jameson Stokes ("Dr. Stokes") hereby respectfully

requests that this Court suppress any and all documents and other material seized

pursuant to search warrants issued by this Court for Dr. Stokes' residence and

medical clinic. Dr. Stokes further requests that this Court return all such property

seized during the execution of those searches, and require the government to

release any and all financial accounts belonging to Dr. Stokes and/or his medical

clinic.

In support of this motion, Counsel for Dr. Stokes respectfully states as

follows:

1.

On or about August 6, 2014, a search warrant for Dr. Stokes' residence

[Search Warrant 1:14-mc-773] and one for his medical clinic [Search Warrant

1:14-mc-764] were executed by agents of the Drug Enforcement Administration and cooperating task force officers. In addition to these search warrants, the Court also authorized the seizure of certain bank accounts held in the name of Innovative Pain Management Center at the Bank of America.

2.

In seeking to obtain these search and seizure warrants, Special Agent Scott Nesbit presented the Court with a 42-page Affidavit filed under seal. Apparently, all the search and seizure warrants were supported by the same Affidavit.

3.

In the Affidavit, Special Agent Nesbit alleges that there is probable cause to believe that Dr. Stokes has violated federal drug and money laundering laws, specifically 21 U.S.C. §§841, 846 and 856, and 18 U.S.C. §§1956 and 1957. [As the Court is no doubt aware, the basis of the government's allegations in this case is that Dr. Stokes was issuing prescriptions for narcotic pain medication without a legitimate medical purpose and not in the usual course of a medical practice.]

4.

In the Affidavit, Special Agent Nesbit states that it is his belief that physicians at certain medical clinics will issue "a prescription for a controlled substance, often without performing the minimal professionally required medical

assessment of the patient's complaints, or properly evaluating whether disbursing the controlled substances is medically appropriate." (Affidavit, p. 5) Agent Nesbit also cites various statutory and regulatory provisions that govern the practice of medicine. Specifically, he highlights 21 CFR §1306.04(a) which states that a prescription for a controlled substance is only valid if it has been issued "for a legitimate medical purpose by an individual practitioner acting in the usual course of professional practice." (Affidavit, p. 6) [Special Agent Nesbitt underlined the relevant phrase in the Affidavit.]

### 5.

In concluding that there is probable cause to believe that Dr. Stokes is engaged in the unlawful distribution of controlled substances, Agent Nesbit also provides a laundry list of "signs that physicians in a medical clinic are issuing prescriptions for controlled substances outside the course of professional practice, and without a legitimate medical purpose." (Affidavit, p. 17)

### 6.

The agent further opines that "Dr. Stokes has regularly prescribed excessive amounts of controlled substances for no legitimate medical purpose, resulting in the diversion of the prescribed controlled substances."  Based on his investigation, the agent concludes that "I believe the criminal investigation has clearly shown

that Dr. Stokes is issuing prescriptions outside the normal course of his practice and without a legitimate medical need." (Affidavit, p. 18)

7.

While the Affidavit contains a number of statements by disgruntled former employees of Dr. Stokes, there is no mention of any qualified physician or medical expert who has reviewed the prescribing practices of Dr. Stokes prior to the issuance of the search and seizure warrants. The Affidavit contains no medical basis for the agent's opinion that Dr. Stokes was prescribing controlled substances "outside the normal course of his practice and without a legitimate medical need." Other than his training as a law enforcement agent, there is nothing in this Affidavit to suggest that Special Agent Nesbit has any medical training or that he is in any way qualified to opine about the prescribing practices of a board-certified physician who is licensed to practice and prescribe pain medication in this state.

8.

In the absence of any reliable expert medical testimony, the Affidavit presented to the Court lacks the critical information necessary to establish that there is probable cause to believe that Dr. Stokes committed any controlled substance offense. This agent, as qualified as he may be, has no medical training and cannot properly inform the Court as to whether or not any prescriptions were

issued with or without a legitimate medical purpose. His opinions about the length or substance of any medical examination performed by Dr. Stokes are without any reliable foundation and are insignificant in determining whether Dr. Stokes was acting outside of the usual course of his medical practice.

9.

The Affidavit simply does not contain any qualified medical opinion to support the existence of probable cause in this case. The Affidavit does not even set forth any standards that would help the Court determine whether or not these prescriptions were issued for a legitimate medical purpose.

10.

For these reasons, Counsel for Dr. Stokes respectfully contends that the search and seizure warrants should not have been issued. Any finding of probable cause based solely on the agent's unqualified opinions about what is and what is not within the legitimate course of a usual medical practice is insufficient to support these warrants. Counsel for Dr. Stokes respectfully requests that the Court suppress any and all evidence seized pursuant to these search warrants and order the government to immediately return any items seized. Counsel for Dr. Stokes further requests that this Court order the government to release any and all funds

seized pursuant to any seizure warrants signed by this Court based on the same

defective and legally insufficient Affidavit.

This 4th day of September, 2014.

THE PATE LAW FIRM, LLC

Page A. Pate
Georgia Bar No. 565899
101 Marietta Street, Suite 3300
Atlanta, Georgia 30303
(404) 223-3310

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing Notice with the Clerk of Court using the CM/ECF system which will automatically send email notifications of such filing to all counsel of record in this matter.

This 4th day of September, 2014.

THE PATE LAW FIRM, LLC

Page A. Pate
Georgia Bar No. 565899
101 Marietta Street, Suite 3300
Atlanta, Georgia 30303
(404) 223-3310