IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,  :
                           :    CASE NO.:  1:14-CR-290-TWT-GGB
v.                         :
                           :
                           :
OSCAR JAMESON STOKES, MD,   :
                           :
   Defendant.              :

## DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED BY THE GOVERNMENT'S SOURCE OF INFORMATION

Pursuant to Rule 41(h) of the Federal Rules of Criminal Procedure, Defendant Dr. Oscar Jameson Stokes ("Dr. Stokes") hereby moves this Court for an order suppressing any and all evidence obtained by the Government's Source of Information that was seized in violation of the United States Constitution, federal statutory law, and relevant case authority.

## STATEMENT OF FACTS

The Government alleges that between March 2013 and August 2014 Dr. Stokes distributed and conspired to distribute controlled substances outside the usual course of medical practice and for no legitimate medical purpose.  The Government also alleges that Dr. Stokes operated a medical clinic, Innovative Pain Management Clinic, for the purpose of distributing controlled substances outside the course of medical practice and for not legitimate medical purpose.

During the Government's investigation, undercover DEA agents were seen by Dr. Stokes as patients at Dr. Stokes' medical clinic.  The undercover agents wore hidden video cameras and recorded video footage of some of their visits to the medical clinic.  In July of 2014, DEA agents approached a nurse who worked for Dr. Stokes' clinic and asked her if she would be willing to assist the Government with its investigation.  The Government refers to this nurse in its DEA-6 reports as a Source of Information.

The nurse agreed to assist, and DEA agents equipped her with one of the Government's hidden video cameras to wear while at work.  The nurse subsequently recorded patient exams and various patient records with the hidden video camera and provided these recordings to the Government.  The nurse also took pictures of patient records and various documents in the medical clinic with her cell phone and sent these pictures to the Government.

The nurse obtained the video footage, pictures, and information from Dr. Stokes' medical clinic without a search warrant and without the knowledge and consent of Dr. Stokes or his patients.  At all times, the DEA agents were aware of and sanctioned the nurse's covert activities at Dr. Stokes' medical clinic.

<u>ARGUMENT AND CITATIONS OF AUTHORITY</u>

"A search by a private person does not implicate the Fourth Amendment unless he acts as an instrument or agent of the government…  For a private person

2

to be considered an agent of the government, we look to two critical factors: (1) whether the government knew of and acquiesced in the intrusive conduct, and (2) whether the private actor's purpose was to assist law enforcement efforts rather than to further his own ends." *United States v. Steiger*, 318 F.3d 1039, 1045 (11th Cir. 2003) (Quotations and citations omitted).

The nurse in the instant case was clearly acting as an agent of the Government. First, the Government knew about her undercover activities as the Government originally approached her about assisting in its investigation against Dr. Stokes. The Government also provided the nurse with its own hidden video camera for the purpose of recording patient exams and patient records. Second, the nurse's actions were solely to assist law enforcement in its investigation against Dr. Stokes as the nurse had nothing to personally gain by secretly recording patients and files at the medical clinic.

For these reasons, the Fourth Amendment was implicated and a search warrant was required for the searches conducted by the nurse. As no search warrant was obtained before the nurse's searches of Dr. Stokes' medical clinic, any and all videos, pictures, documents, and information obtained as a result of her unlawful searches must be suppressed.

It should also be noted that the nurse potentially committed felony offenses under state and federal law by surreptitiously recording patients and patient

records, and that the DEA agents allowed and encouraged her to do so. Georgia

law provides: "It shall be unlawful for… [a]ny person, through use of any device,

without the consent of all persons observed, to observe, photograph, or record the

activities of another which occur in any private place and out of public view…"

O.C.G.A. § 16-11-62(2). A person who violates this code section "shall be guilty

of a felony and, upon conviction thereof, shall punished by imprisonment for not

less than one nor more than five years or a fine not to exceed $10,000 or both."

O.C.G.A. § 16-11-69.

Under federal law, 42 U.S.C.A. § 1320d-6(a) provides:

> A person who knowingly and in violation of this part—
> (1) uses or causes to be used a unique health identifier;
> (2) obtains individually identifiable health information
> relating to an individual; or
> (3) discloses individually identifiable health information
> to another person,
> shall be punished as provided in subsection (b) of this section.
> For purposes of the previous sentence, a person (including an
> employee or other individual) shall be considered to have
> obtained or disclosed individually identifiable health
> information in violation of this part if the information is
> maintained by a covered entity (as defined in the HIPAA
> privacy regulation described in section 1320d-9(b)(3) of this
> title) and the individual obtained or disclosed such information
> without authorization.

42 U.S.C.A. § 1320d-6(b) provides the penalties:

> A person described in subsection (a) of this section shall--
> (1) be fined not more than $50,000, imprisoned not more
> than 1 year, or both;

4

(2) if the offense is committed under false pretenses, be fined not more than $100,000, imprisoned not more than 5 years, or both; and
(3) if the offense is committed with intent to sell, transfer, or use individually identifiable health information for commercial advantage, personal gain, or malicious harm, be fined not more than $250,000, imprisoned not more than 10 years, or both.

These potential violations of state and federal law further demonstrate that the searches conducted by the nurse were unreasonable under the Fourth Amendment and lack good faith on the part of the Government.

<u>CONCLUSION</u>

For these reasons, Counsel for Dr. Stokes respectfully requests that the Court schedule this matter for an evidentiary hearing, and suppress any and all evidence unlawfully seized by the Government's Source of Information from Dr. Stokes' medical clinic.

This 7th day of October, 2014.

THE PATE LAW FIRM, LLC

_____
Page A. Pate
Georgia Bar No. 565899
101 Marietta Street, Suite 3300
Atlanta, Georgia 30303
(404) 223-3310

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing Notice with the Clerk of Court using the CM/ECF system which will automatically send email notifications of such filing to all counsel of record in this matter.

This 7th day of October, 2014.

THE PATE LAW FIRM, LLC

Page A. Pate
Georgia Bar No. 565899
101 Marietta Street, Suite 3300
Atlanta, Georgia 30303
(404) 223-3310