IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,    :
                             :    CASE NO.:  1:14-CR-290-TWT-GGB
v.                           :
                             :
                             :
OSCAR JAMESON STOKES, MD,    :
                             :
        Defendant.           :

**DEFENDANT'S REPLY TO THE UNITED STATES' RESPONSE TO
DEFENDANT'S MOTION TO SUPPRESS EVIDENCE OBTAINED BY
THE GOVERNMENT'S SOURCE OF INFORMATION**

Defendant Oscar Jameson Stokes, MD ("Dr. Stokes") hereby files this Reply

to the United States' Response to Defendant's Motion to Suppress Evidence

Obtained by the Government's Source of Information.

ARGUMENT AND CITATIONS OF AUTHORITY

A.    The Fourth Amendment is implicated.

The Government fails to respond to *United States v. Steiger*, 318 F.3d 1039

(11th Cir. 2003), in which the Eleventh Circuit held that a private person is an

agent of the government where "the government knew of and acquiesced in the

intrusive conduct" and "the private actor's purpose was to assist law enforcement

efforts rather than to further his own ends." *Id*., at 1045.   Here, the Government

knew that the searches were occurring and supplied the nurse with the equipment

to conduct the searches for the sole purpose of building a criminal case against Dr. Stokes.  Under such circumstances, *Steiger* clearly dictates that the nurse was acting as an agent of the Government and, therefore, the Fourth Amendment is implicated.

B.     <u>The nurse lacked authority to give consent to search.</u>

The Government is correct that an individual may consent to the search of an area which she has "common authority over or other sufficient relationship to the premises." *United States v. Backus*, 349 F.3d 1298, 1299 (11th Cir. 2003).  In fact, the law goes further: "a warrantless entry is valid when it is based upon the consent of a third party whom the police, at the time of entry, reasonably believed possessed authority over the premises." *United States v. Mercer*, 541 F.3d 1070, 1074 (11th Cir. 2008).  The Government then makes a sweeping argument: "*Third party employees have been deemed to have authority to consent on behalf of their defendant employers*." [Doc 34 at 4].  But, as can be plainly seen in each of the cases cited by the Government for this proposition, whether an employee had authority to consent is a factually intensive question.

The Government argues that the CS (Dr. Stokes' nurse) had authority to consent to a search because "*CS is an employee in Stokes' clinic*" and "*[a]s part of her duties, CS had access to prescriptions, and was able to observe the operations*

*of the clinic*." [Doc 34 at 4]. In doing so, the Government cites a single circuit court case: *United States v. Jenkins*, 46 F.3d 447 (5th Cir. 1995).

In *Jenkins*, a racketeering and obscenity case, an employee of a company that supplied adult videotapes and peep show machines to adult bookstores was approached by the FBI to cooperate in an investigation. The employee's job was to receive videotapes in the mail, insert the videotapes in the peep show machines at various book stores, and retrieve the old videotapes from the machines. The employee cooperated with law enforcement's investigation by taking videotapes he received from his company to the FBI.

In finding that the employee had authority to give consent, the Court noted that the employee was the sole employee in the Memphis office, he was the intended recipient of the packages containing videotapes, he was authorized to open the packages, he was authorized to extract the video tapes, he could pick up and carry the packages away, he could view the videotapes, and he was the only person in the Memphis office with authority over the videotapes. *Id*., at 455-456. The Court concluded that the employee had authority because the employee had "unlimited access to the videotapes, absolute dominion and control over the videotapes and no direct supervision, or indeed any employees in the geographic vicinity." *Id*., at   The Court also determined that the employee "not only had

3

lawful possession of the packages, but… had the actual authority to open the boxes, and, at a minimum, apparent authority to view the films." *Id*., at 457-458.

In the present case, the facts are very different. First, the nurse was not the only employee present at Dr. Stokes' clinic. In fact, the actual owner and medical doctor of the clinic (Dr. Stokes) was present along with the patients and other employees. Dr. Stokes did not share common authority or power with his nurses in relation to his treatment of patients. As the clinic's owner and medical doctor, Dr. Stokes was responsible for the medical records and patient exams and at no time did he yield that responsibility to his nurses.

Also unlike *Jenkins*, Dr. Stokes' nurse was not allowed to access medical records without Dr. Stokes' permission. The nurse could not carry away patient records or she would be in violation of federal HIPPA laws. As the nurse's access to the patient records was significantly limited and controlled by Dr. Stokes (and federal patient privacy laws), it cannot be said that the nurse possessed authority to consent to a search of the medical records and patient exams.

CONCLUSION

For these reasons, Counsel for Dr. Stokes respectfully requests that the Court schedule this matter for an evidentiary hearing, and suppress any and all evidence unlawfully seized by the Government's Source of Information from Dr. Stokes' medical clinic.

4

This 15th day of January, 2015.

THE PATE LAW FIRM, LLC

_____
Page A. Pate
Georgia Bar No. 565899
101 Marietta Street, Suite 3300
Atlanta, Georgia 30303
(404) 223-3310

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system which will automatically send email notifications of such filing to all counsel of record in this matter.

This 15th day of January, 2015.

THE PATE LAW FIRM, LLC

Page A. Pate
Georgia Bar No. 565899
101 Marietta Street, Suite 3300
Atlanta, Georgia 30303
(404) 223-3310