# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL INDICTMENT |
|  | : |  |
|  | : | No: 1:14-cr-290-TWT-GGB |
| v. | : |  |
|  | : |  |
| OSCAR JAMESON STOKES | : |  |
|  | : |  |

## GOVERNMENT'S PRE-EVIDENTIARY HEARING MEMORANDUM

Comes now the United States of America, by and through its counsel, John A. Horn, Acting United States Attorney for the Northern District of Georgia, and C. Brock Brockington, Assistant United States Attorney, and files this Memorandum of Law in contemplation of the evidentiary hearing on Dr. Oscar Stokes's Motion to Suppress.

## INTRODUCTION

On October 7, 2014, Stokes filed a motion to suppress evidence in the form of covert audio/video recordings gathered by an employee of Stokes working on behalf of the Government as a confidential source. (Doc. 30). It was determined at the proceedings held before this Court on February 10, 2015, that Stokes also sought to suppress pictures taken with a cellular telephone. These photographs were taken by a source of information that was acting independently, and not at the direction of the government.

The basis for his motion is that evidence gathered by the confidential source should be suppressed because no search warrant was obtained.  (*See* Doc 30, at 3). However, as outlined below, Stokes's right to be free from unlawful searches extends only to those items in which he possesses a legitimate expectation of privacy, and no such expectation was possessed where the conduct and information captured by the confidential source's recording device were displayed in plain view in Stokes's clinic.  And since the search was consented to by the confidential source, no warrant was required.

Further, as the source of information – a contractor whose employer had been retained by the clinic – did not act at the behest of the government, the photographs cannot be said to have been obtained through a search or seizure that would implicate the Fourth Amendment.

### Confidential Source Videos

**ISSUES**: With respect to the Confidential Source, the Court must determine whether he/she could consent to the search of the areas of the doctor's office captured in the video.  While the parties agree that the Confidential Source was an employee of the clinic, the essence of the evidentiary hearing will be to determine the operation of the clinic and the Confidential Source's specific job duties as an employee of the clinic.  Further examination into the specific areas searched is also required.  This will define the scope of the consent, and whether the consent was voluntary will determine its validity. The method of evidence collection is also at issue, specifically how the Confidential Source captured the audio and video images at the clinic.

The Government can rely on the consent exception to the warrant requirement by showing that either Stokes consented to the search, or that consent was obtained

from a third party that had the ability to furnish valid consent, and said consent was voluntary.  <u>United States v. Jenkins</u>, 46 F.3d 447, 451 (5th Cir. 1995).

### A. Authority to Consent

The Government can justify a warrantless search by proof of voluntary consent without proof that consent was given by the defendant, if it can show that "permission to search was obtained from a third party who possessed common authority over or other sufficient relationship to the premises or effects sought to be inspected."  <u>United States v. Matlock</u>, 415 U.S. 164, 171 (1974).   Third party employees have been deemed to have authority to consent on behalf of their defendant employers.  <u>Jenkins</u>, 46 F.3d at 455 (informant/employee with routine access to his employer's videotapes searched those tapes and produced them to Government).  The Second Circuit frames the issue succinctly: "(consent) to a search by one with access to the area searched, and either common authority over it, a substantial interest in it or permission to exercise that access, express or implied, alone validates the search."  <u>United States v. Buettner-Janusch</u>, 646 F.2d 759, 765 (2d Cir. 1981).

### B. Voluntariness

To determine voluntariness, the Eleventh Circuit has set forth several relevant factors, none of which is dispositive: (1) the voluntariness of the defendant's custodial status, (2) the presence of coercive police procedure, (3) the extent and level of the defendant's cooperation with police, (4) the defendant's awareness of his right to refuse to consent to the search, (5) the defendant's education and

intelligence, and, (6) the defendant's belief that no incriminating evidence will be found.  United States v. Chemaly, 741 F.2d 1346, 1352 (11th Cir. 1984).

**C. Covert Recordings**

"If the conduct and revelations of an agent operating without electronic equipment do not invade the defendant's constitutionally justifiable expectations of privacy, neither does a simultaneous recording of the same conversations made by the agent or by others from transmissions received from the agent to whom the defendant is talking and whose trustworthiness the defendant necessarily risks." United States v. White, 401 U.S. 745, 751 (1971).   In distinguishing the use of a covert device from a bug used to eavesdrop on someone, the Supreme Court reasoned:  "The Government did not use an electronic device to listen in on conversations it could not otherwise have heard. Instead, the device was used only to obtain the most reliable evidence possible of a conversation in which the Government's own agent was a participant and which that agent was fully entitled to disclose." Lopez v. United States, 373 U.S. 427, 439 (1963).

**Source of Information Photos**

**ISSUE**: Concerning the Source of Information, the Court must determine if he/she was acting at the direction of the Government.  The Government contends that the Source of Information acted independently when he/she sent photographs of patient information and an outside physician's resume.

"The Fourth Amendment proscrib[es] only governmental action; it is wholly inapplicable to a search or seizure, even an unreasonable one, effected by a private individual not acting as an agent of the Government or with the participation or

4

knowledge of any governmental official." <u>United States v. Kannell</u>, 545 F. App'x. 881, 886 (11th Cir. 2013) (internal quotation marks omitted).

 **<u>HIPAA - Health Insurance Portability & Accountability Act – 42 USC § 1983</u>**

   **ISSUE**: Stokes contends that the evidence gathering in the clinic violated HIPAA.

   The regulations issued under HIPAA specifically authorize disclosure of otherwise confidential medical records for law enforcement purposes. <u>United States v. Wilk</u>, 572 F.3d 1229, 1236 (11th Cir. 2009); see 45 C.F.R. §§ 164.512(e)(1)(i), (f)(1)(ii)(A-C). The regulations also contemplate disclosure in the face of criminal activity at a clinic: "A covered entity may disclose to a law enforcement official protected health information that the covered entity believes in good faith constitutes evidence of criminal conduct that occurred on the premises of the covered entity." 45 C.F.R. § 164.512(f)(5).


                                        Respectfully Submitted,

                                        JOHN A. HORN
                                        Acting United States Attorney

                                        */s/ Brock Brockington*
                                        C. BROCK BROCKINGTON
                                        Assistant United States Attorney
                                        Georgia Bar No. 775084
                                        600 Richard B. Russell Building
                                        75 Spring Street SW
                                        Atlanta, Georgia 30303
                                        Office:   (404) 581-6000
                                        FAX:      (404) 581-6181

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have caused a copy of the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to the following attorney(s) of record:

Jess Johnson

Page Pate

This 10th day of March, 2014.

*/s/ Brock Brockington*
C. BROCK BROCKINGTON
Assistant United States Attorney