IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,  :
                        :  CASE NO.:  1:14-CR-290-TWT-GGB
v.                         :
                        :
                        :
OSCAR JAMESON STOKES, MD,   :
                        :
Defendant.                 :

## DEFENDANT'S RESPONSE TO THE GOVERNMENT'S PRE-EVIDENTIARY HEARING MEMORANDUM

On October 7, 2014, Counsel for Dr. Stokes filed a Motion to Suppress Evidence Obtained by the Government's Source of Information (Doc. 30).  In the motion, Dr. Stokes sought to suppress undercover video recordings, photographs of patient records and documents that were captured by an employee of the medical clinic.

At the hearing held on February 10, 2015, Counsel for Dr. Stokes became aware that the video recordings and the photographs were actually captured by two different individuals.  According to the Government, the video recordings were captured by a Confidential Source who was also an employee of Dr. Stokes' medical clinic.  The video recordings in question primarily depict conversations between the Confidential Source and medical staff about patients, patient records and prescriptions. The video recordings also include patient examinations

performed by Dr. Stokes.  The photographs in question were apparently captured by a different person, a "Source of Information" working at Dr. Stokes' medical clinic as a contractor.  The photographs taken by this individual consist of patient records and a resume or CV submitted as part of an employment application by a physician.

## ISSUES BEFORE THE COURT

### I.     The Confidential Source's Video Recordings

The Government appears to concede that the Confidential Source was acting as an agent of the Government at the time she obtained the video recordings and, therefore, the Fourth Amendment is implicated.  *See*, *United States v. Steiger*, 318 F.3d 1039, 1045 (11th Cir. 2003).

The Government is correct that the primary question before the Court on this issue is whether the Confidential Source had "common authority over or other sufficient relationship to the premises" at the time she obtained the video recordings.  *United States v. Backus*, 349 F.3d 1298, 1299 (11th Cir. 2003).  As previously discussed in Dr. Stokes' Reply to the United States' Response to Defendant's Motion to Suppress Evidence Obtained by the Government's Source of Information, whether an employee has authority to consent to a search is a factually intensive question.

Dr. Stokes' has consistently maintained that the Confidential Source did not possess the requisite authority to permit a search of patient records, patient examinations, and private areas of the clinic. An evidentiary hearing will allow the Court to determine whether the Confidential Source had the extensive authority over the clinic that the government claims she had.

## II.    The Source of Information's Photographs

The issue before the Court regarding the Source of Information is whether it was acting as an agent of the Government at the time it obtained the photographs in question. "For a private person to be considered an agent of the government, we look to two critical factors: (1) whether the government knew of and acquiesced in the intrusive conduct, and (2) whether the private actor's purpose was to assist law enforcement efforts rather than to further his own ends." *Steiger*, 318 F.3d at 1045. (Quotations and citations omitted).

The discovery materials produced to date show that the Source of Information initially sent a text message to Task Force Officer William J. Manning with an attached photograph of a patient's medical records. TFO Manning then asked the Source of Information for the name of a physician that Dr. Stokes was considering hiring. The Source of Information stated that it could not remember the physician's name but that the physician's CV was on Dr. Stokes' desk behind a locked door. The Source of Information then devised a plan of action to obtain the

3

CV to which TFO Manning responded: "*Nothing risky*." Sometime later, the Source of Information text messaged a photograph of the physician's CV to TFO Manning.

TFO Manning and the Source of Information clearly had conversations prior to these photographs being taken and sent, but the full content and extent of those conversations is unknown. Counsel for Dr. Stokes maintains that the Source of Information was acting as an agent of the Government at the time the photographs were taken. An evidentiary hearing will allow the Court to determine whether the Source of Information was in fact acting as a private individual or as an agent of the Government while taking photographs in Dr. Stokes' private office.

### III. The Searches Violated Federal and State Law

Counsel for Dr. Stokes contends that the video recordings and photographs in question were also obtained in violation of both state and federal law, further demonstrating that the searches were unreasonable under the Fourth Amendment (Doc. 30, p. 3-5).

The Government responds that the "*regulations issued under HIPAA specifically authorize disclosure of otherwise confidential medical records for law enforcement purposes. United States v. Wilk, 572 F.3d 1229, 1236 (11th Cir. 2009); see 45 C.F.R. §§ 165.512(e)(1)(i), (f)(1)(ii)(A-C).*" (Doc. 46, p. 5). As the Eleventh Circuit in *Wilk* noted, HIPAA authorizes the disclosure of medical

4

records for law enforcement purposes, but the disclosure must be "in response to a court order or grand jury subpoena." *Wilk*, 572 F.3d at 1236. *Citing*, 45 C.F.R. §§ 164.512(e)(1)(i), (f)(1)(ii)(A-C). Here, there was no court order or grand jury subpoena authorizing the seizure of the photographs and videos.

The Government also cites 45 C.F.R. § 164.512(f)(5) which provides that: "[a] covered entity may disclose to a law enforcement official protected health information that the covered entity believes in good faith constitutes evidence of criminal conduct that occurred on the premises of the covered entity." The Eleventh Circuit has recognized that "[o]nly health plans, health care clearinghouses, and certain health care providers are 'covered entities' under the HIPAA regulations." *Murphy v. Dulay*, 768 F.3d 1360, 1369 (11th Cir. 2014). *Citing*, 45 C.F.R. § 160.102(a).[1] There has been no showing by the Government that the Confidential Source and the Source of Information were covered entities. Based on Counsel's understanding of the law and the facts of this case, they were not.

---

[1] 45 C.F.R. § 160.102(a) provides:
 (a) Except as otherwise provided, the standards, requirements, and implementation specifications adopted under this subchapter apply to the following entities:
    (1) A health plan.
    (2) A health care clearinghouse.
    (3) A health care provider who transmits any health information in electronic form in connection with a transaction covered by this subchapter.

## CONCLUSION

For these reasons, Counsel for Dr. Stokes respectfully requests that the Court schedule this matter for an evidentiary hearing, and suppress any and all evidence unlawfully seized by the Government's Confidential Source and Source of Information from Dr. Stokes' medical clinic.

This 24th day of March, 2015.

THE PATE LAW FIRM, LLC

s/ Jess B. Johnson
Jess B. Johnson
Georgia Bar No. 322066
101 Marietta Street, Suite 3300
Atlanta, Georgia 30303
(404) 223-3310

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing

pleading with the Clerk of Court using the CM/ECF system which will

automatically send email notifications of such filing to all counsel of record in this

matter.

This 24th day of March, 2015.

THE PATE LAW FIRM, LLC

s/ Jess B. Johnson
Jess B. Johnson
Georgia Bar No. 322066
101 Marietta Street, Suite 3300
Atlanta, Georgia 30303
(404) 223-3310