IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA,   :
                            :   CASE NO.:  1:14-CR-290-TWT-JKL-1
v.                          :
                            :
                            :
OSCAR JAMESON STOKES, MD,   :
                            :
    Defendant.              :

## DEFENDANT STOKES' MOTION IN LIMINE TO EXCLUDE EVIDENCE OF ALLEGED SEXUAL CONDUCT

Pursuant to Rules 401, 402, 403, 404(b), 801, and 802 of the Federal Rules of Evidence, Dr. Oscar Jameson Stokes, M.D. ("Dr. Stokes") respectfully requests that the Court exclude any testimony or other evidence relating to any alleged sexual misconduct or sexual relationship between Dr. Stokes and any employee, patient, or other individual.

## PRELIMINARY STATEMENT

On July 7, 2015, the Government filed a superseding indictment charging Dr. Stokes with conspiracy and substantive counts of distributing and dispensing controlled substances outside of the usual course of professional medical practice and for no legitimate medical purpose, maintaining a drug-involved premises (his medical clinic), and conspiracy and substantive counts of money laundering. There is also a forfeiture provision. (Doc. 55).

According to Government reports produced in discovery, certain former employees of Dr. Stokes' medical clinic were interviewed by law enforcement and made statements suggesting that Dr. Stokes had engaged in sexual relationships with one of his employees and at least one of his patients. In many cases, these statements were based on rumors and perceptions that Dr. Stokes acted differently around certain patients. Law enforcement also questioned patients and former employees regarding allegations that Dr. Stokes had an extramarital affair.

<u>ARGUMENT</u>

Counsel for Dr. Stokes contends that any evidence or testimony relating to Dr. Stokes' alleged sexual conduct is inadmissible as irrelevant under Rule 401, as "bad character" evidence under Rule 404(b), and because its probative value is substantially outweighed by the risk of unfair prejudice under Rule 403. To the extent the evidence or testimony is not based on first-hand knowledge, it is also inadmissible hearsay under Rules 801 and 802.

Under Rule 401, "evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Even probative evidence can be excluded, however, "if its probative value is substantially outweighed by a danger of…unfair prejudice, confusing the issues, misleading the

jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

At trial, the central issue will be whether Dr. Stokes "dispensed controlled substances for other than legitimate medical purposes in the usual course of professional practice, and that he did so knowingly and intentionally. *United States v. Ignasiak*, 667 F.3d 1217, 1228 (11th Cir. 2012). Allegations that Dr. Stokes engaged in an extramarital affair are utterly irrelevant towards deciding the ultimate issue at trial because they have no tendency to make it more or less probable that Dr. Stokes knowingly and intentionally issued prescriptions for controlled substances without a legitimate medical purpose and outside the usual course of professional practice. As discussed more fully below, this evidence lacks probative value and creates a substantial danger of unfair prejudice.

Counsel further contends that evidence reflecting these allegations are inadmissible under Rule 404(b), which excludes evidence of a crime, wrong, or other act "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). The Eleventh Circuit has applied this rule through a three-prong test: "First, the evidence must be relevant to an issue other than the defendant's character. Second, there must be sufficient proof that the defendant committed the extrinsic act. Third,

the evidence must survive the balancing test prescribed by Federal Rule of Evidence 403." *United States v. Mills*, 138 F.3d 928, 935 (11th Cir. 1998).

The Government cannot satisfy any of the three prongs. First, as discussed above, these allegations have no probative value regarding any of the charged offenses. Second, rumors, speculation, and accusations by former employees and others do not provide sufficient proof that Dr. Stokes actually engaged in the conduct described in these allegations. Third, even if the Court finds that these allegations are relevant and supported by sufficient proof, Counsel contends that they should be excluded under Rule 403.

The Eleventh Circuit has held that the major function of Rule 403 "is limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *United States v. Grant*, 256 F.3d 1146, 1155 (11th Cir. 2001) (Quotations omitted). In measuring probative value, courts have considered "prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." *United States v. Roberts*, 735 Fed. Appx. 649, 651 (11th Cir. 2018) (unpublished), citing *Calderon*, 127 F.3d 1314, 1332 (11th Cir. 1997).

Here, there is no similarity between the alleged extramarital affairs and allegations that Dr. Stokes unlawfully dispensed prescription medicine. Nor can the Government credibly argue that it has a substantial need to introduce evidence

4

of Dr. Stokes' sexual conduct in its case-in-chief, which already includes voluminous prescription records, patient charts, medical expert testimony, financial documents, and extensive interviews with dozens of former patients and employees of Dr. Stokes' clinic. The salacious allegations regarding Dr. Stokes' sexual conduct, if taken to be true, can only be used to show "bad character" and invite the jury to render a verdict on an improper basis.

Several courts have excluded similar extrinsic evidence under Rule 404(b) and Rule 403 in criminal and civil cases. *See United States v. Bistrup*, 449 F.3d 873, 882 (8th Cir. 2006), affirming exclusion of evidence of co-defendant husband's extramarital affair since it was irrelevant character evidence under Rule 404(b) and had the potential to confuse or mislead the jury and create unfair prejudice; *see also United States v. Darui*, 545 F.Supp.2d 108, 112 (D.D.C. 2008), "evidence of polygamous activity is so clearly inflammatory in nature" and has an "obvious prejudicial effect"; *see also Scott v. City of Sioux City, Iowa*, 96 F.Supp.3d 876, 885 (N.D. Iowa 2015), finding that evidence of plaintiff's consensual sexual relationships was "likely to misdirect the juror, enflame their passions in response to behavior of [the plaintiff] that has little relevance to her claims, and cause jurors to decide the case on the basis of their emotional response…rather than on the basis of the evidence."

Finally, to the extent any testimony regarding Dr. Stokes' alleged affairs is based on out-of-court statements and not first-hand knowledge or observations, such evidence is inadmissible hearsay under Rules 801 and Rule 802 since they would be introduced for the "truth of the matter asserted."

**CONCLUSION**

For these reasons, Dr. Stokes respectfully requests that the Court grant this motion in limine and exclude any evidence relating to allegations of sexual misconduct or sexual relationships between him and any other individuals.

This 19th day of July, 2019.

PATE & JOHNSON, LLC


*/s/ Page A. Pate*_____
Page A. Pate
Georgia Bar No.: 565899

Jess B. Johnson
Georgia Bar No.: 322066

Thomas D. Church
Georgia Bar No.: 956589

Pate & Johnson, LLC
101 Marietta Street, Suite 3300
Atlanta, Georgia 30303
(404) 223-3310

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed the foregoing Notice

with the Clerk of Court using the CM/ECF system which will automatically send

email notifications of such filing to all counsel of record in this matter.

This 19th day of July, 2019.

PATE & JOHNSON, LLC


/s/ Page A. Pate_____

Pate & Johnson, LLC                        Page A. Pate
101 Marietta Street, Suite 3300            Georgia Bar No.: 565899
Atlanta, Georgia 30303
(404) 223-3310                             Jess B. Johnson
                                           Georgia Bar No.: 322066

                                           Thomas D. Church
                                           Georgia Bar No.: 956589