# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

UNITED STATES OF AMERICA,   :

:   CASE NO.:  1:14-CR-290-TWT-JKL-1

v.   :

:

:

OSCAR JAMESON STOKES, MD,   :

:

Defendant.   :

## DEFENDANT STOKES' MOTION IN LIMINE
## TO EXCLUDE IRS RECORDS

Pursuant to Rules 401, 402, 403, and 404 of the Federal Rules of Evidence, Dr. Oscar Jameson Stokes, M.D. ("Dr. Stokes") respectfully requests that the Court exclude IRS records for Dr. Stokes and his clinic, Innovative Pain Management Clinic ("IPMC"), as such evidence constitutes inadmissible "other acts" evidence under 404(b) and is otherwise irrelevant and unduly prejudicial.

## PRELIMINARY STATEMENT

On July 7, 2015, the Government filed a superseding indictment charging Dr. Stokes with conspiracy and substantive counts of distributing and dispensing controlled substances outside of the usual course of professional medical practice and for no legitimate medical purpose, maintaining a drug-involved premises (his medical clinic), and conspiracy and substantive counts of money laundering. There is also a forfeiture provision. (Doc. 55).

The Government has provided the defense with a draft of its proposed exhibit list indicating it seeks to introduce evidence of IRS records relating to Dr. Stokes and IPMC. These records appear to allege that Dr. Stokes, his wife, and IPMC failed to file individual and corporate income tax returns for 2013 and 2014. Counsel anticipates that the Government will try to use the lack of tax returns to imply that Dr. Stokes intentionally failed to file his faxes as part of an effort to conceal illegal income from the Government and avoid detection for his alleged crime. Such information may be relevant to the uncharged crime of willful tax avoidance, but it is inadmissible bad character evidence in this prosecution.

ARGUMENT

Under Rule 404(b), evidence "of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b). The Eleventh Circuit has applied this rule through a three-prong test: "First, the evidence must be relevant to an issue other than the defendant's character. Second, there must be sufficient proof that the defendant committed the extrinsic act. Third, the evidence must survive the balancing test prescribed by Federal Rule of Evidence 403." *United States v. Mills*, 138 F.3d 928, 935 (11th Cir. 1998).

Applying the first prong, the Government must show that evidence of Dr. Stokes or his clinic's IRS records are relevant for a purpose beyond asserting that

2

Dr. Stokes has a criminal disposition, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Under Rule 401, evidence is relevant if "(a) it has a tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

Even if the Court finds that the IRS records are relevant, any limited probative value that can be derived from this evidence would be substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. Fed. R. Evid. 403. The Government did not charge Dr. Stokes with a tax crime, perhaps because it knows that his failure to file returns was not connected to the alleged offense, but was more likely a result of the Government seizing his assets and financial records after deciding to pursue criminal charges against him. Admitting this evidence would force Dr. Stokes to respond to uncharged conduct by reference to his decision-making following the Government's seizure of his assets, and a jury could interpret Dr. Stokes' decision not to file taxes on the income that was seized as a tacit admission that the income was illegally derived.

This evidence is also likely to confuse the issues and mislead the jury, especially given the existence of money laundering charges. While Dr. Stokes is charged with money laundering and not withholding taxes, a jury could nonetheless confuse these two financial offenses, in particular because both

offenses can further efforts to conceal unlawful proceeds from criminal activities. Evidence requiring an explanation of the seizures, the deadlines and requirements for filing tax returns, and the potential need for complicated jury instructions limiting how the jury can consider this evidence would muddy the waters at trial and unduly prejudice Dr. Stokes. As such, the evidence should be excluded under Rule 404(b).

## CONCLUSION

For these reasons, Dr. Stokes respectfully requests that the Court grant this motion in limine and exclude IRS records for Dr. Stokes and his clinic, Innovative Pain Management Clinic, and any other evidence relating to their payment or non-payment of taxes.

This 26th day of July, 2019.

PATE & JOHNSON, LLC

Pate & Johnson, LLC
101 Marietta Street, Suite 3300
Atlanta, Georgia 30303
(404) 223-3310

*/s/ Page A. Pate*_____
Page A. Pate
Georgia Bar No.: 565899

Jess B. Johnson
Georgia Bar No.: 322066

Thomas D. Church
Georgia Bar No.: 956589

4

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that I have this day electronically filed the foregoing Notice with the Clerk of Court using the CM/ECF system which will automatically send email notifications of such filing to all counsel of record in this matter.

This 26th day of July, 2019.

PATE & JOHNSON, LLC

*/s/ Page A. Pate*_____

Pate & Johnson, LLC
101 Marietta Street, Suite 3300
Atlanta, Georgia 30303
(404) 223-3310

Page A. Pate
Georgia Bar No.: 565899

Jess B. Johnson
Georgia Bar No.: 322066

Thomas D. Church
Georgia Bar No.: 956589