| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | CASE NO.:  1:14-CR-290-TWT-JKL |
| v. | : | |
| | : | |
| | : | |
| OSCAR JAMESON STOKES, M.D., | : | |
| and TASHAWNA DENISE STOKES,: | | |
| M.D., | : | |
| | : | |
| Defendants. | : | |

### DEFENDANT OSCAR STOKES' MOTION TO EXCLUDE GOVERNMENT'S EXHIBIT PURPORTING TO SHOW PATIENT RECORDS

Pursuant to Rule 901 and Rule 1002 of the Federal Rules of Evidence, Defendant Oscar Jameson Stokes, M.D. ("Dr. Stokes"), by and through undersigned counsel, files this Motion to Exclude Government's Exhibit Purporting to Show Patient Records and respectfully requests that the Court exclude the Government's exhibit from trial.

### PRELIMINARY STATEMENT

On June 10, 2019, the Court held a pretrial conference and ordered the Government to "*pre-mark all exhibits and give them to Defendants no later than two weeks prior to trial*." (Doc. 223).  On July 22, 2019, the Government provided Counsel for Dr. Stokes with a list of unmarked exhibits that the Government

intends to introduce at trial.[1]  One of the exhibits on the Government's list is titled

"*Disc of all patient files seized from IPMC on 8/7/2014*." (*See*, Doc. 242-1 p. 2).

While the Government's exhibit list does not identify where a "*[d]isc of all patient files seized*" might be found in the discovery, the Government previously provided the defense with approximately 3,000 digital files (in pdf format) that it contends are the patient files seized from Dr. Stokes' medical clinic.  Counsel believes that the Government will attempt to introduce these 3,000 pdf files and assert that these 3,000 pdf files are in fact Dr. Stokes' patient records.

Dr. Stokes' medical clinic, however, was a "paperless clinic" and his patients' information was stored in electronic medical records (EMRs) – not as pdfs.  Specifically, Dr. Stokes used a third-party company, Athenahealth, Inc. ("Athena"), to store his patients' information in a cloud-based database.  On June 15, 2018, Magistrate Judge Larkins ordered Athena to provide the defense with access to the Athena database (Doc. 186).  Counsel for Dr. Stokes was subsequently granted login credentials to access the EMRs on Athena's database.  After reviewing the Athena database, it is obvious that the 3,000 pdf files the

---

[1] Counsel for Dr. Stokes has filed a Motion to Exclude the Government's Proposed Exhibits (Doc. 242) arguing that 1) the Government's exhibit list is deficient as it contains exhibits that have never been produced to the defense and 2) that the list fails to identify the evidence with sufficient particularity to give Dr. Stokes notice of the evidence that the Government intends to introduce.

Government seeks to introduce are *not the same* as the EMRs in the Athena database.

ARGUMENT

Rule 901 of the Federal Rules of Evidence provides: "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Rule 1002 of the Federal Rules of Evidence provides that "[a]n original writing, recording, or photograph is required in order to prove its content..." Rule 1001 clarifies that "[f]or electronically stored information, 'original' means any printout – or other output readable by sight – if it accurately reflects the information." Here, the Government's exhibit is not authentic, and the introduction of such an exhibit would violate the best evidence rule.

First, the Government's exhibit does not contain the patient records that were actually seized from Dr. Stokes' medical clinic. When Dr. Stokes or a staff member logged into the Athena database to view an EMR, they did not see a long pdf file (as the Government's exhibit would lead one to believe). Dr. Stokes and his staff would see a complex database in which the user was required to fill-in special fields in order for the database to display various pieces of patient information. In other words, the Government did not seize the exhibit in question from Dr. Stokes' medical clinic. The exhibit the Government seeks to introduce is

3

a Government created trial exhibit masquerading as the authentic EMRs contained in the Athena database.

Second, the information contained in the Government's exhibit does not accurately reflect the information contained in the EMRs. The Government's proposed exhibit contains multiple attachments for many patients, including drug lab results, hand-written prescriptions, and prior medical records. Counsel, however, has not been able to find or access any of these attachments in the EMRs on the Athena database. Where the Government obtained these attachments is unknown, but we do know that it did not come from the Athena database that Counsel was granted access to.

The Government's exhibit also lacks a wealth of information that is contained in the EMRs. As an example, the Government recently provided screenshots of various EMRs on Athena's database. These screenshots of the EMRs depict the "*audit history*" for various patient files. Despite the fact that the audit history is a part of the EMRs on the Athena database, the audit history is not a part of the Government's exhibit. This begs the question: what else has the Government's exhibit omitted? Clearly, the exhibit at issue was not seized as evidence by law enforcement during its investigation of this case. It was instead created by the Government for purposes of trial.

As the Government's exhibit is not authentic and does not accurately reflect the EMRs in the Athena database, the Court should exclude the Government's exhibit under Rule 901 and Rule 1002 of the Federal Rules of Evidence.

**CONCLUSION**

For these reasons, Counsel for Dr. Stokes respectfully requests that the Court grant this Motion to Exclude and that the Court exclude the Government's exhibit which purports to contain the patient records seized from Dr. Stokes' medical clinic.

This 26th day of July, 2019.

PATE & JOHNSON, LLC

Pate & Johnson, LLC
101 Marietta Street, Suite 3300
Atlanta, Georgia 30303
(404) 223-3310

*/s/ Page A. Pate*_____
Page A. Pate
Georgia Bar No.: 565899

Jess B. Johnson
Georgia Bar No.: 322066

Thomas D. Church
Georgia Bar No.: 956589

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day electronically filed the foregoing

Motion with the Clerk of Court using the CM/ECF system which will

automatically send email notifications of such filing to all counsel of record in this

matter.

This 26th day of July, 2019.

PATE & JOHNSON, LLC

*/s/ Page A. Pate*_____

Pate & Johnson, LLC
101 Marietta Street, Suite 3300
Atlanta, Georgia 30303
(404) 223-3310

Page A. Pate
Georgia Bar No.: 565899

Jess B. Johnson
Georgia Bar No.: 322066

Thomas D. Church
Georgia Bar No.: 956589